UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON HARDIMAN, and <br> BOBBY HOUSTON, <br><br> Plaintiffs, <br><br> v. <br><br> CHIEF OF THE INDIANAPOLIS <br> METROPOLITAN POLICE DEPARTMENT, <br> OFFICER NICKOLAS SMITH, <br> OFFICER MICHAEL MCWHORTER, and <br> OFFICER PAUL BELLOWS, <br><br> Defendants. | No. 1:18-cv-00348-MJD-TWP |

**ORDER ON MOTION TO DISMISS**

This matter is before the Court on Defendants' *Motion to Dismiss Indiana State Tort Claims in Plaintiffs' Second Amended Complaint*. [Dkt. 32.] For the reasons set forth below, the Court **DENIES** Defendants' motion.

### I. Background

The following facts are not necessarily objectively true. But as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Second Amended Complaint and draws all reasonable inferences in favor of the Plaintiffs as the non-moving parties. *See Bielanski v. Cty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Plaintiffs divide their factual allegations into two sections: "Initial Search ~ Allegations Within the Scope of Employment" and "Subsequent Actions ~ Allegations Outside the Scope of Employment." [Dkt. 25 at 2, 4.] Plaintiffs allege in the "Initial Search" section that Defendant Officers Smith, McWhorter, and Bellows conducted an illegal search of a white Cadillac owned by Plaintiffs Hardiman and Houston during an investigation on August 27, 2017. [Dkt. 25 at 2-

1

4.] Plaintiffs allege that during the search the Defendant officers "broke open the glove box" and, as a result, the "glove box no longer shuts properly." [Dkt. 25 at 3.] According to Plaintiffs, Defendant officers did not have a warrant to search the vehicle, and no warrant exception applied to the search. *Id.*

Plaintiffs state in the "Subsequent Actions" section that Plaintiff Hardiman had a verbal disagreement with the three Defendant officers about the alleged illegal search of his car. [Dkt. 25 at 4.] In response, the officers had the vehicle towed. *Id.* Plaintiffs allege that Defendant officers did not have a warrant to tow the vehicle, no warrant exception applied to the tow, and there was no lawful reason to tow the vehicle. [Dkt. 25 at 5.] When Plaintiffs recovered their vehicle from the towing company, they discovered that the vehicle's parking brake had been engaged in a way that required repair. *Id.* Plaintiffs suffered financial harm as a result of the parking brake repair, for which they seek to hold Defendants liable under the doctrine of *res ipsa loquitor*. [Dkt. 25 at 5-6.] Plaintiffs suffered additional financial harm due to the towing and storage fees resulting from the tow. [Dkt. 25 at 5.]

## II. Procedural History

This suit originated in Marion County Superior Court, and Defendant Chief of Indianapolis Metropolitan Police Department ("IMPD Chief") Bryan Roach removed the case to federal court. [Dkt. 1 at 1.] On March 12, 2018, Defendant IMPD Chief responded to Plaintiffs' Complaint for Damages [Dkt. 1-2 at 13] by filing an Answer [Dkt. 11] and a Motion to Dismiss [Dkt. 12]. On March 18, 2018, Plaintiffs filed a Motion to Amend Complaint in order to "cure[] alleged potential defects in the pleadings" as well as to identify Officer Nickolas Smith as one of the "John Does" named in the initial complaint. [Dkt. 15.] Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiffs may amend the complaint once as a matter of course within 21 days after

service of a responsive pleading or 21 days after service of a motion under Rule 12(b). In light of the filing of the Amended Complaint, Defendant's Motion to Dismiss [Dkt. 12] was denied as moot.

Plaintiffs again moved to amend their complaint in order to identify the two remaining "John Does." [Dkt. 22.] The Court granted Plaintiffs' Second Motion to Amend Complaint. [Dkt. 24.] Plaintiffs named four defendants in their Second Amended Complaint: IMPD Chief Bryan Roach, Officer Nickolas Smith, Officer Michael McWhorter, and Officer Paul Bellows. [Dkt. 25 at 1.] The complaint alleged constitutional claims pursuant to 42 U.S.C. § 1983, state statutory claims pursuant to Ind. Code § 34-24-3-1, and state common law claims. *Id.* After filing an answer to Plaintiffs' Second Amended Complaint [Dkt. 31], Defendants filed a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6), seeking dismissal of all of Plaintiffs' state tort claims based on Defendants' affirmative defense of law enforcement immunity. [Dkt. 32.]

### III. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the factual matter alleged in the complaint. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A plaintiff must do more than simply recite the elements of a claim and provide conclusory statements in support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, the court accepts all facts in the complaint as true, views them in

3

the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

Because law enforcement immunity is an affirmative defense, it is not properly raised in a Rule 12(b)(6) motion to dismiss, because there is no requirement for a plaintiff to plead defenses to anticipated affirmative defenses in the complaint. *See Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) ("[A] plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses."). Rather, "the proper procedure is to raise the defense and then move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure." *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014).

A converted Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion, and therefore "courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citation omitted). This means that a Rule 12(c) motion will be granted "only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). In the present case, if the affirmative defense of law enforcement immunity "clearly is established in the pleadings . . . and no question of fact exists, then a judgment on the pleadings may be appropriate." 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1368 (2018). To the contrary, however, "when material issues of fact are raised by the answer and the defendant seeks judgment on the pleadings on the basis of this matter, his motion cannot be granted." *Id.*; *see also Burlington Ins. Co. v. Phillips-Garrett, Inc.*, 37 F. Supp. 3d 1005, 1010 (S.D. Ill. 2014) (citing

4

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir.1996))

("Material issues of fact . . . preclude judgment on the pleadings.").

In the present case, since Defendants filed a motion to dismiss based on an affirmative defense post-answer, the Court will treat Defendants' motion as a Rule 12(c) motion and review the merits of Defendants' law enforcement immunity claim.

### IV. Discussion

Plaintiffs assert four legal claims: (1) Defendant officers' unreasonable search of Plaintiffs' vehicle violated their constitutional rights under the Fourth Amendment; (2) Defendant officers' vehicle search and breaking of its glove box constitute conversion, trespass to chattels, and negligence, and Defendant IMPD Chief is also liable for these torts under the doctrine of respondeat superior; (3) Defendant officers' unreasonable seizure of Plaintiffs' vehicle violated their constitutional rights under the Fourth Amendment; and (4) Defendant officers' towing Plaintiffs' vehicle and engaging its parking brake constitute conversion, negligence, trespass to chattels, and intentional infliction of emotional distress. [Dkt. 25 at 8.] At issue in the motion are the alleged tort claims, specifically claims (2) and (4) above, and Defendants assert law enforcement immunity from those torts.

As noted in the legal standard discussion, material facts must be established before any motion for judgment on the pleadings based on an affirmative defense can be granted. If there are genuine issues of material fact, then the Court has no established facts upon which to premise its analysis. In the present case, Defendants denied each of Plaintiffs' material factual allegations in their answer. [*See* Dkt. 31.] Therefore, the Court has no established or uncontroverted facts to

premise its analysis upon as to whether Defendants can assert the affirmative defense of law enforcement immunity under the Indiana Tort Claims Act (ITCA).[1]

Based on the foregoing, Defendants' *Motion to Dismiss Indiana State Tort Claims in Plaintiffs' Second Amended Complaint* [Dkt. 32] is treated as a Rule 12(c) motion and is **DENIED**.

SO ORDERED.

Dated: 6 JUL 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

---

[1] For example, in response to Paragraph 10 of Plaintiffs' Second Amended Complaint [Dkt. 25 at 2], Defendants deny that the officers were conducting an investigation. [Dkt. 31 at 3.] In response to Paragraph 15 of Plaintiffs' complaint [Dkt. 25 at 3], Defendants deny that they were not conducting an inventory of the vehicle. [Dkt. 31 at 3.] For the purposes of this Rule 12(c) motion, neither of these material facts are established. In order to find immunity under section 3(8) of the ITCA, the Court must determine (1) "whether the officer was acting within the scope of his or her employment when the injury to a plaintiff occurred," and (2) "whether the officer was engaged in the enforcement of a law at that time." *Harness v. Schmitt*, 924 N.E.2d 162, 165 (Ind. Ct. App. 2010) (citing *City of Anderson v. Davis*, 743 N.E.2d 359, 364 (Ind. Ct. App. 2001)). Even if it is conceded by Plaintiffs that Defendant officers were acting within the scope of their employment during the vehicle search [*see* Dkt. 35 at 2], in light of Defendants' denials the Court cannot establish any facts necessary to determine whether Defendant officers were engaged in the enforcement of a law at the time.